**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SHERICIA CAMPBELL,

        Plaintiff,

v.                                                      Case No:   6:23-cv-2362-CEM-LHP

MID-FLORIDA PATHOLOGY, LLC.,
STRATEGIC BUSINESS
OUTSOURCING, LLC., OLEKSANDR
ONUSHKO and GILMAR TADIOTO,

        Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   JOINT MOTION TO STAY REMAINING RULINGS ON MOTION FOR FORTY -FIVE DAYS PENDING MEDIATION (Doc. No. 66)
>
> **FILED:**      September 30, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Pursuant to the Case Management and Scheduling Order ("CMSO") the discovery deadline in this case is October 3, 2025, the dispositive motions deadline

is November 4, 2025, and trial is scheduled for the term commencing April 2026. Doc. No. 61. On September 9, 2024, Plaintiff moved to conditionally certify an FLSA collective action class. Doc. No. 63. Defendants have filed a response in opposition. Doc. No. 64.

On September 30, 2024, the parties filed the present motion (Doc. No. 66) requesting to stay all remaining deadlines in the CMSO, to file an amended case management report, and to stay any ruling on Plaintiff's motion to conditionally certify an FLSA collective action class until 45 days after the parties conduct mediation. Doc. No. 66. The parties contend that a stay is warranted because they have extensively met and conferred regarding the issues in this case and engaged in discovery and document exchange, and that the parties can "potentially resolve the case at this stage," thereby avoiding expending additional resources. *Id.*, at 2. Mediation is scheduled to take place on November 14, 2024. Doc. No. 68.

District courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants."); *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances."). That said, motions to stay discovery are generally disfavored and must be supported by a showing of good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

Upon consideration, the Court does not find that the parties have established good cause for a stay of the entire case. The sole basis for the request is the upcoming mediation; however settlement discussions — which occur in virtually every single case — are not by itself a sufficient justification to put a case on pause. *See, e.g., Bombay Bazaar of Orlando, Inc. v. United States*, No. 6:20-cv-1700-WWB-LHP, 2022 WL 2026664, at *1 (M.D. Fla. Mar. 2, 2022) ("Plaintiffs' sole justification for the requested stay is the parties' ongoing settlement negotiations and the anticipation that the parties will finalize a settlement of this matter. However, without more, this explanation is insufficient to demonstrate the need for a stay of this case."); *Thomas v. Chenega Infinity, LLC*, No. 6:18-cv-978-Orl-40DCI, 2019 WL 2551899, at *1 (M.D. Fla. May 7, 2019) (denying without prejudice request to stay case because "the parties' sole justification for a stay of this case — that the parties are engaged in settlement discussions — is a common occurrence in litigation, and the parties have offered no exceptional circumstances that would warrant a stay"); *Cohan v. Gulf Golf Dev. LLC*, No. 8:15-cv-2114-T-33TGW, 2015 WL 6704608, at *2 (M.D. Fla. Nov. 3,

2015) (denying request for stay of case deadlines based on parties' indication that they wished to pursue settlement without incurring further expense and noting that the Court must take an active role in the management of its cases (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)). However, the Court does find the parties' request to delay ruling on the motion for conditional certification well taken.

Accordingly, the Joint Motion to Stay Remaining Rulings on Motion for Forty-Five days Pending Mediation (Doc. No. 66) is **GRANTED IN PART AND DENIED IN PART**. The motion (Doc. No. 66) is **GRANTED** to the extent that the Court stays consideration of Plaintiff's Motion to Conditionally Certify FLSA Collective Action (Doc. No. 63) until after the November 14, 2024 mediation. In the event the November 14, 2024 mediation is unsuccessful, Plaintiff may file a reply brief of no more than **seven (7) pages** in length in support of its motion for conditional certification on or before **December 2, 2024**. The Court will take the motion, response, and reply under consideration at that time. In all other respects, the Joint Motion (Doc. No. 66) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 7, 2024.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties