UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERICIA CAMPBELL,

        Plaintiff,

v.                                                Case No:   6:23-cv-2362-LHP

MID-FLORIDA PATHOLOGY, LLC.,
STRATEGIC BUSINESS
OUTSOURCING, LLC., OLEKSANDR
ONUSHKO and GILMAR TADIOTO,

        Defendants

---

## ORDER[1]

In this case arising under the Fair Labor Standards Act ("FLSA"), the parties have filed a Joint Renewed Motion for Initial Approval of Collective Action Settlement Agreement.   Doc. No. 88.[2]   Upon consideration, and for the reasons set forth below, the motion (Doc. No. 88) is **GRANTED.**

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.   Doc. Nos. 74–76.

[2] The parties filed a prior motion for settlement approval, which the Court denied without prejudice due to several deficiencies.   *See* Doc. Nos. 86–87.   These deficiencies have been rectified in the present filing.   Doc. No. 88.

In sum, this case was brought by named Plaintiff Shericia Campbell on behalf of herself and a putative collective, alleging one claim for violation of the overtime requirements of the FLSA. Doc. No. 40; *see also* Doc. No. 1. Four additional persons opted in as Plaintiffs. Doc. Nos. 14–17. The parties ultimately reached a settlement at mediation. Doc. No. 77. The parties settled the matter on behalf the entire proposed collective and anticipate up to a total of ninety-five (95) persons joining this case. *See generally* Doc. No. 88-1. So, by the present motion, the parties seek conditional certification of the proposed collective for settlement purposes, preliminary approval of their settlement based on a common fund from which Plaintiff and any opt-ins will receive a pro rata share,[3] approval of notice to the proposed collective to allow for any objections from potential collective members, and preliminary approval of the fees and costs sought from the common fund by Plaintiff's counsel. Doc. No. 88. The parties submit with the motion a fully executed copy of their Amended Collective Action Settlement Agreement and Release. Doc. No. 88-1.

---

[3] As set forth in the joint motion and Amended Collective Action Settlement Agreement and Release, the agreement provides for a maximum settlement amount of $350,000.00, which includes a common fund for the settlement class to be distributed on a pro rata basis ($203,000.00), $7,000.00 total to the named plaintiff in unpaid and liquidated damages, and $140,000.00 allocated to attorneys' fees and costs. Doc. No. 88, at 6–7; Doc. No. 88-1, at 3–4.

Upon review, the Court finds the motion well taken. "The FLSA authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). The Eleventh Circuit has sanctioned a two-stage approach for determining whether to certify an FLSA collective action pursuant to section 216(b). *Id.* at 1260. The first stage is the "notice" or "conditional certification" stage, where the Court must determine whether notice of the action should be given to potential collective action members. *Id.* at 1260–61. The second stage is the "decertification stage," where, upon a motion for decertification, the Court must determine whether the collective should be decertified or the case should proceed to trial as a collective action. *Id.* at 1261.

This case is at the first stage—conditional certification. Doc. No. 88. A plaintiff seeking conditional certification must show that there are other employees who desire to opt into the action and that the employees who desire to opt in are similarly situated. *Wooton v. Steelmaster Indus., Inc.*, No. 6:19-cv-419-Orl-37GJK, 2019 WL 2423786, at *2 (M.D. Fla. June 10, 2019) (citing *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)). The standard at the first stage is fairly lenient and is typically satisfied through some combination of the pleadings, consents to join, affidavits, or other evidence demonstrating that there are other similarly situated employees who would opt into the action. *Hipp v. Liberty Nat'l*

*Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). "If the district court conditionally certifies the class, putative class members are given notice and the opportunity to opt-in." *Id.* (quotation marks and citation omitted).

Here, the parties seek to employ a modified version of the general two-tiered approach to FLSA settlements, in that they seek conditional certification of the collective action for settlement purposes only, preliminary approval of their agreement, and approval of their notice procedures to the putative collective, all by the present motion. Doc. No. 88. Other courts in this Circuit have found this approach permissible, and the Court finds it appropriate here. *See, e.g.*, *Thomas v. JSTC, LLC*, No. 6:19-cv-1528-RBD-GJK, 2022 WL 2200387, at *3 (M.D. Fla. Apr. 28, 2022) (addressing preliminary approval of FLSA settlement and conditional certification of collective for settlement purposes only, authorizing notice procedure); *Dominique v. Capreit, Inc.*, No. 2:18-cv-231-FtM-NPM, 2020 WL 6585602, at *4 (M.D. Fla. Nov. 10, 2020) (same); *Fernandez v. Harvard Maint., Inc.*, No. 2:11-cv-509-FtM-36SPC, 2011 WL 6934123, at *2 (M.D. Fla. Dec. 14, 2011), *report and recommendation adopted*, 2011 WL 6934134 (M.D. Fla. Dec. 30, 2011) (same).

For purposes of settlement only, the parties stipulate to and ask that the Court conditionally certify a collective action to include: "All hourly employees paid by Defendants Mid-Florida Pathology, LLC ("Defendant") anytime during the period from December 8, 2020, through November 14, 2024." Doc. No. 88, at 16. Given

- 4 -

the four opt-ins and the representations that notice will be sent to ninety-five (95) potential collective action members, and based on the parties' stipulation to conditional certification for settlement purposes, the request for conditional certification for settlement purposes will be granted. *See, e.g.*, *Fernandez*, 2011 WL 6934123, at *3, *report and recommendation adopted*, 2011 WL 6934134 (M.D. Fla. Dec. 30, 2011) (finding that plaintiffs "met the low threshold and lenient standard necessary for the Court to recommend conditional certification as an FLSA collective action" given the parties' stipulation for settlement purposes to proposed collective of certain employees); *Williams v. Coventry Health Care of Fla., Inc.*, No: 6:16-cv-731-Orl-41TBS, 2016 WL 7013530, at *2 (M.D. Fla. Oct. 4, 2016), *report and recommendation adopted*, 2016 WL 6947354 (M.D. Fla. Nov. 28, 2016) (finding the plaintiff demonstrated that conditional certification was warranted where the defendant agreed to conditional certification).

Based on the parties' representations, Doc. No. 88, and in consideration of the Amended Collective Action Settlement Agreement and Release, Doc. No. 88-1, the Court also finds preliminary approval of the settlement agreement appropriate, after review for reasonableness of same. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); *see also Dominique*, 2020 WL 6585602, at *3 (granting preliminary approval of FLSA collective action settlement prior to notice to the collective where there was no evidence of fraud or collusion, and the settlement

resulted from arms' length negotiations between well informed and experienced counsel); *Fernandez*, 2011 WL 6934123, at *2, *report and recommendation adopted*, 2011 WL 6934134 (M.D. Fla. Dec. 30, 2011) (finding good cause to grant preliminary approval of proposed collective action settlement, but noting that "[o]f course the proposed settlement agreement must be reviewed and approved by any members of the Collective Class."); *Metzler v. Med. Mgmt. Int'l, Inc.*, No. 8:19-cv-2289-T-33CPT, 2020 WL 5994537, at *3 (M.D. Fla. Oct. 9, 2020) ("[C]ourts in this District have previously found the use of such a pro rata formula fair." (citations omitted)).[4]

Thus, notice to the proposed collective is appropriate. And the notice procedures proposed by the parties appear proper. *See* Doc. No. 88, at 22–25; Doc. No. 88-1, at 5–6; *see also Mosley v. Lozano Ins. Adjusters Inc.*, No. 3:19-cv-379-J-32JRK, 2020 WL 3978055, at *3 (M.D. Fla. June 23, 2020), *report and recommendation adopted*, 2020 WL 3971936 (M.D. Fla. July 14, 2020) (approving notice procedure in

---

[4] The Court notes that by the Collective Action Settlement Agreement and Release, the named Plaintiff and any opt-ins will release "the FLSA Claims asserted in the Lawsuit." Doc. No. 88-1, at 3, 10. This limited release does not raise concerns under *Lynn's Food*. *See Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015) (noting that "a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint"). To the extent that there are any discrepancies to the contrary in the parties' filings, which includes one isolated reference to include "any state overtime wage and hour laws," *see* Doc. No. 88-1, at 6 ¶ 2(h), that provision is severed pursuant to the severability clause, *see* Doc. No. 88-1, at 10 ¶ 8, as inconsistent with the remaining terms of the Collective Action Settlement Agreement and Release.

preliminary approval of FLSA settlement that was "concise, easy to understand, inform[ed] the opt-in Plaintiffs of the essential terms of the Settlement Agreement and their rights"); *Williams*, 2016 WL 7013530, at *2, *report and recommendation adopted*, 2016 WL 6947354 (M.D. Fla. Nov. 28, 2016) ("[C]ourts in this district and others have found email to be an appropriate and efficient addition to first class mail in the delivery of notice to a class.").

As it relates to the request for attorneys' fees, although the parties discuss attorneys' fees in the motion, the parties are only seeking preliminary approval, and the Amended Collective Action Settlement Agreement and Release provides that they will seek final approval of any fee award in conjunction with final approval of the settlement. *See* Doc. No. 88-1, at 4, 7–8. Given the posture of this case, "[w]ithout 'knowing the size of the collective class — or whether there will even be a class — any request for approval [of the attorney fee award] at this juncture is premature.'" *See Copeland-Stewart v. New York Life Ins. Co.*, No. 8:15-cv-159-T-23AEP, 2016 WL 231237, at *3 (M.D. Fla. Jan. 19, 2016) (quoting *Leigh v. Bottling Group, LLC*, No. DKC 10-0218, 2011 WL 1231161, at *5 (D. Md. Mar. 29, 2011)); *see also Alvarez v. GEO Secure Servs., LLC*, No. 9:20-CV-80696-WPD, 2020 WL 13349078, at *2 (S.D. Fla. Nov. 13, 2020) (noting that if a significant amount of the common fund reverted to the defendant, the set amount of fees sought could prove unreasonable). Accordingly, the Court declines to approve the total amount of

fees at this time. *See Alvarez v. GEO Secure Servs., LLC*, No. 9:20-CV-80696-WPD, Doc. Nos. 45–48 (S.D. Fla.) (finding that after notice to potential opt-in plaintiffs, "the Court will be in a significantly better position to scrutinize the FLSA settlement for fairness under *Lynn's Food* and to determine the reasonableness of an attorneys' fee motion"; ultimately considering separate fee petition in conjunction with motion for final approval of settlement after notice to the collective (footnote omitted)).

Considering the foregoing, it is **ORDERED** as follows:

1.     The Joint Renewed Motion for Initial Approval of Collective Action Settlement Agreement (Doc. No. 88) is **GRANTED**.

2.     This matter is **CONDITIONALLY CERTIFIED** as an FLSA collective action for settlement purposes only, with the collective defined as:

> All hourly employees paid by Defendants Mid-Florida Pathology, LLC ("Defendant") anytime during the period from December 8, 2020, through November 14, 2024.

3.     The Amended Collective Action Settlement Agreement and Release (Doc. No. 88-1) is **PRELIMINARILY APPROVED**.

4.     The notice and administration process in the Amended Collective Action Settlement Agreement and Release is **AUTHORIZED**.

5.     It is **ORDERED** that the parties shall file a joint motion for final approval of the settlement, to include all completed Claims Forms and any

objections from the potential opt-ins, and also to include a request for final approval of an award of attorneys' fees, on or before **May 19, 2025**.[5]

**DONE** and **ORDERED** in Orlando, Florida on March 7, 2025.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[5] If necessary, the Court will set the matter for a final fairness hearing by separate notice.