UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERICIA CAMPBELL,

        Plaintiff,

v.                                     Case No:   6:23-cv-2362-LHP

MID-FLORIDA PATHOLOGY, LLC.,
STRATEGIC BUSINESS
OUTSOURCING, LLC., OLEKSANDR
ONUSHKO and GILMAR TADIOTO,

        Defendants

---

## ORDER

The parties have filed a Joint Motion for Final Approval of Collective Action Settlement Agreement (Doc. No. 93).[1]  Upon review there are several issues that remain outstanding and require supplemental briefing.

First, the Court directed the parties to include all completed Claims Forms with any motion for final approval.  Doc. No. 89; *see also* Doc. No. 92.  The parties have not done so.

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  Doc. Nos. 74–76.

Second, the Court has concerns about the calculations of payouts from the settlement Common Fund, specifically the requested attorneys' fees. As set forth in the motion – and as the Court preliminarily approved – the Common Fund totals $350,000.00, of which $203,000.00 has been allocated for payments to the settlement class, an additional $7,000.00 in back wages and liquidated damages to the named Plaintiff, and the remaining $140,000.00 for attorneys' fees and costs. Doc. No. 93-1, at 3-4; *see also* Doc. No. 88-1, at 3-4; Doc. No. 89. The Court preliminarily approved the settlement agreement based on representations from the parties that there were 95 potential settlement class members. Doc. No. 89; *see also* Doc. No. 93-1, at 2. However, in the present joint motion for final approval, there are only 37 total class members (36 opt-in plaintiffs and the named Plaintiff). Doc. No. 93, at 5-6. This equates to 38.9% of the total class members previously approximated.

As the Court previously explained, an assessment of the reasonableness of attorneys' fees – particularly when using a percentage of the common fund calculation – cannot be made until the size of the collective class is determined. *See* Doc. No. 89, at 8-9. Thus, the Court made no finding regarding an award of total fees, and must still assess the reasonableness of the fees requested. And here the number of actual class members is far less than those anticipated, causing the Court to question the reasonableness of the requested fee award. More specifically, the amount to be paid to the settlement class (including the named Plaintiff) equates to

$132,680.88, or 37.9% of the Common Fund.  Doc. No. 93-1, at 4; Doc. No. 93-3. However, the amount to be paid as attorneys' fees, $131,689.98, equates to nearly the same percentage - 37.6%.  Doc. No. 93-2, at 10.[2]  In addition, after accounting for the amounts paid to the settlement class, $8,313.02 in costs, and the requested attorneys' fees, $77,316.12 or 22% of the Common Fund remains, and that entire amount will revert back to the Defendants, free and clear.  *See* Doc. No. 93-1, at 6-7.

The parties provide no explanation as to how the requested fees are reasonable in light of the smaller settlement class, and other than citing to general authority regarding an award of attorneys' fees from a common fund, provide no legal authority to support the requested fees.  *See* Doc. No. 93, at 14-18.[3]  This is even more concerning when, contrary to the parties' representations, the Court does not find this to have been a heavily-litigated case; there was limited motions practice, discovery, and two rounds of mediation/settlement negotiations.[4]  *See*,

---

[2] The Court notes that the parties' filings inconsistently list the amount of attorneys' fees as $131,689.98 or $131,686.98.  *See* Doc. No. 93, at 16 n.5; Doc. No. 93-2, at 10.

[3] The only case the parties cite to support such a high fee award is *Mansfield v. Castaways Backwater Cafe, Inc.*, No. 2:07-cv-401-FtM-29SPC, 2008 WL 3889598, at *1 (M.D. Fla. Aug. 18, 2008).  However, *Mansfield* involved approval of a single plaintiff FLSA settlement, there is no discussion of a collective class, much less an award of fees from a common fund.  It is therefore unpersuasive.

[4] The Court further notes that the declaration of Noah E. Storch filed in support primarily addresses the reasonableness of the settlement itself and does not provide sufficient information to support the fee award – such as the hours actually expended

*e.g., Farmer v. Humana Inc.*, No. 8:21-cv-1478-MSS-SPF, 2022 WL 22855817, at *4 (M.D. Fla. Dec. 28, 2022) (finding award of fees equating to 37.5% of the common fund to be unreasonable), *report and recommendation adopted as modified*, No. 8:21-cv-1478-MSS-SPF, 2023 WL 11877830 (M.D. Fla. Feb. 13, 2023); *Alvarez v. GEO Secure Servs., LLC*, No. 9:20-CV-80696-WPD, 2020 WL 13349078, at *2 (S.D. Fla. Nov. 13, 2020) (noting that if a significant amount of the common fund reverted to the defendant, the set amount of fees sought could prove unreasonable).

Accordingly, within **fourteen (14) days** from the date of this Order, the parties shall file a joint supplemental brief addressing, with citation to applicable legal authority, the reasonableness of the requested attorneys' fees, which equate to nearly 40% of the total Common Fund.   By this same deadline, the parties shall also file copies of all completed Claims Forms, as previously requested.   Doc. Nos. 89, 92.   Upon the filing of this joint supplemental brief, the Court will take the parties' joint motion under further submission, with such further proceedings as are necessary and appropriate.

**DONE** and **ORDERED** in Orlando, Florida on July 17, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

litigating this case or the hourly rates charged.   *See* Doc. No. 93-2.

Copies furnished to:

Counsel of Record
Unrepresented Parties