UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERICIA CAMPBELL,

Plaintiff,

v. Case No: 6:23-cv-2362-LHP

MID-FLORIDA PATHOLOGY, LLC., STRATEGIC BUSINESS OUTSOURCING, LLC., OLEKSANDR ONUSHKO and GILMAR TADIOTO,

Defendants

---

**ORDER**
(And Direction to Clerk)

Before the Court is a Joint Motion for Final Approval of a Collective Action Settlement Agreement. Doc. No. 93. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. Doc. Nos. 73-75. On review, for reasons discussed herein, the motion (Doc. No. 93) will be granted in part and denied in part.

## I. RELEVANT PROCEDURAL HISTORY.

This Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 *et seq.*, putative collection action was brought by Plaintiff Shericia Campbell, on behalf of herself

and all others similarly situated, against Defendants Mid-Florida Pathology, LLC., Strategic Business Outsourcing, LLC., Oleksandr Onushko, and Gilmar Tadioto, alleging one claim for violations of the FLSA's overtime provisions. Doc. Nos. 1, 40. Four additional persons have opted-in as Plaintiffs. Doc. Nos. 14-17.

The case was originally filed on December 8, 2023, and first proceeded under the standard FLSA Scheduling Order. Doc. Nos. 1, 19. Although Defendants initially moved to dismiss, it does not appear that Plaintiff ever responded, instead filing an amended complaint, which is the operative pleading. Doc. Nos. 25, 30, 40. Defendants answered the amended complaint, and when they were unable to reach settlement, a standard Case Management and Scheduling Order issued on July 10, 2024. Doc. Nos. 51, 53-55, 56-61. Plaintiff moved to conditionally certify an FLSA collective action, which Defendants opposed (Doc. Nos. 63-64), but the Court did not rule on the motion as the parties settled the case in full following a mediation conference on November 14, 2024. Doc. Nos. 72, 77.

The parties thereafter moved for preliminary approval of a collective action settlement. Doc. No. 88. The parties stated that they had settled the matter on behalf of the entire proposed collective and anticipated up to 95 persons joining the case. *Id.*; *see also* Doc. No. 88-1. On March 7, 2025, the Court granted the motion, conditionally certified an FLSA collective action for settlement purposes only, preliminarily approved the parties' Amended Collective Action Settlement

Agreement and Release ("Amended Settlement"), and authorized the notice and administration process set forth in the Amended Settlement. Doc. No. 89. The Court did not address the issue of attorneys' fees and costs at that time, instead noting that the parties would seek final approval of any such award in conjunction with final approval of the Amended Settlement. *Id.*, at 7-8. The Court ordered the parties to file a joint motion for final settlement approval by May 19, 2025, to include submission of all completed Claims Forms, any objections from potential opt-ins, and a request for final approval of an award of attorneys' fees to Plaintiff's counsel. *Id.* at 8-9.

Now before the Court is the parties' Joint Motion for Final Approval of a Collective Action Settlement Agreement, in which they seek final approval of the Amended Settlement, and move for an award of attorneys' fees and costs incurred pursuant to 29 U.S.C. § 216(b). Doc. No. 93; *see also* Doc. No. 93-1; Doc. No. 92. Upon consideration of the Joint Motion, the Court ordered the parties to submit all completed Claims Forms, as well as supplemental briefing on the reasonableness of the requested attorneys' fees, which equated to nearly 40% of the total Common Fund. Doc. No. 94. The parties have filed their supplemental briefing and Claims Forms (Doc. Nos. 97, 97-1, 98), and the matter is now ripe for review.

## II. ANALYSIS.

### *A. Approval of the Amended Settlement and FLSA Collective*

As discussed above, the Court has already preliminarily approved the parties' settlement agreement and conditionally certified the matter as a collective action for settlement purposes. Doc. No. 89. In sum, the Amended Settlement establishes a gross Common Fund to be allocated to resolving the claims of the named Plaintiff and all members of the collective, as well as attorneys' fees and costs. *See* Doc. No. 93-1, at 2, 3-4.[1] Specifically, the Amended Settlement provides for a maximum Common Fund of $350,000.00, of which up to $203,000.00 will be distributed to the members of the collective on a pro rata basis, $7,000.00 to Shericia Campbell in unpaid and liquidated damages, and $140,000.00 for attorneys' fees and costs. Doc. No. 93-1, at 3–4. Any residual amount of the Common Fund after final distribution to all members of the collective and payment of fees and costs will be returned to Defendants. *Id.*, at 9. The collective is defined as:

> "All hourly employees paid by Defendants Mid-Florida Pathology, LLC ("Defendant") anytime during the period from December 8, 2020, through November 14, 2024."

Doc. No. 93-1, at 2.

The parties engaged in the notice process approved by the Court. *See* Doc. No. 93, at 8; *see also* Doc. No. 89, at 6-7. During the notice process, the parties did

---

[1] Pincites to court documents refer to the pagination provided by CM/ECF.

not receive any objections from collective members. Doc. No. 93, at 8. However, rather than the 95 anticipated collective members, only 37 members, including the named Plaintiff, actually opted-in to the FLSA collective. *Id.*, at 6.

Because the Court already preliminarily approved the settlement agreement, the parties have complied with the notice process previously authorized, and no member of the collective filed any objections, and for the same reasons previously set forth regarding preliminary approval and argued by the parties, the Court finds the settlement fair and reasonable under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) as it relates to the amounts to be paid to Plaintiff and any members of the collective. *See* Doc. Nos. 93, 93-1; *see also* Doc. No. 89. The Court also notes that the release of claims is limited to overtime claims under the FLSA and any state overtime wage and hour laws. *See* Doc. No. 93-1 at 3, 6. This limited release does not raise concerns under *Lynn's Food*. *See id.*; *see also* Doc. No. 89, at 6 n.4.

*B. The Fee and Costs Award*

This leaves one remaining issue – a determination of a reasonable award of fees and costs. The settlement agreement provides that Plaintiff's counsel will receive $140,000.00 in attorneys' fees and costs to be paid from the Common Fund. Doc. No. 93-1 at 4, ¶ 2(b). This figure includes $131,689.98 in requested attorneys' fees and $8,313.02 in total costs (which includes costs for the administration of the

notice process). Doc. No. 93, at 16 n.5; *see also* Doc. No. 93-2, at 10 ¶¶ 36-37. The requested attorneys' fees and costs equate to 40% of the Common Fund, which is greater than the percentage (37.9%) that will be paid out from the Common Fund to the settlement collective. Doc. No. 93-1, at 4-5; *see also* Doc. No. 94, at 2-3. The remaining undistributed funds from the common fund revert to Defendants. Doc. No. 93-1, at 6-7, ¶ 2(m); *id.* at 8 ¶ 2(x), (z).

"In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination." *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005). However, the FLSA does not require the Court to conduct "an in depth analysis. . . unless the unreasonableness of such award is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (internal quotation marks omitted) (quoting *Perez v. Nationwide Protective Servs.*, No. 6:05-cv-328-Orl-22JGG (M.D. Fla. Oct. 31, 2005)); *see also Hosier v. Mattress Firm, Inc.*, No. 3:10-cv-294-J-32JRK, 2012 WL 2813960, at *6 (M.D. Fla. June 8, 2012), *report and recommendation adopted*, 2012 WL 2838610 (M.D. Fla. July 10, 2012) ("As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorneys' fees sought.").

Here, the Parties urge the Court to apply a percentage of common fund analysis to assess the reasonableness of the requested fees. Doc. No. 93, at 14-18. The Eleventh Circuit has not spoken definitively on whether the percentage of common fund or the lodestar method should be used to determine the reasonableness of attorneys' fees and costs in the FLSA collective action context, and courts in this District are split on the matter. *Compare Williams v. Coventry Health Care of Fla., Inc.*, No. 6:16-cv-731-Orl-41TBS, 2018 WL 1466395, at *3 (M.D. Fla. Mar. 26, 2018) ("[I]t is clear that the percentage of the common fund analysis is not proper in FLSA cases.") *and Su v. Elec. Arts, Inc.*, No. 6:05-cv-131-Orl-28JGG, 2006 WL 4792780, at *5 n. 3 (M.D. Fla. Aug. 29, 2006), *report and recommendation adopted*, No. 6:05-cv-131-Orl-28JGG, 2007 WL 2780899 (M.D. Fla. Sept. 20, 2007) (rejecting parties' request to apply common fund analysis and finding, instead, that lodestar analysis applies), *with Pierre-Val v. Buccaneers Ltd. P'ship*, No. 8:14-cv-1182-CEH-EAJ, 2015 WL 12843849, at *1 (M.D. Fla. Dec. 7, 2015) ("The Court finds that the amount of fees requested is fair and reasonable using the 'percentage of a common fund' method.") *and Lytle v. Lowe's Home Centers, Inc.*, No. 8:12-cv-1848-T-33TBM, 2014 WL 6469428, at *3 (M.D. Fla. Nov. 17, 2014) (applying common fund analysis to fee award in FLSA collective action settlement). Given the lack of any binding precedent, and in light of the parties' agreement, the Court will apply the percentage of common fund analysis here. *See, e.g., Theopin-Deleon v. Horne LLP*,

No. 6:21-cv-1640-JSS-LHP, 2025 WL 448827, at *4 (M.D. Fla. Feb. 5, 2025), *report and recommendation adopted sub nom. Theophin-Deleon v. Horne LLP*, No. 6:21-cv-1640-JSS-LHP, 2025 WL 449353 (M.D. Fla. Feb. 10, 2025) (granting final approval of FLSA collective settlement and finding fees reasonable under the percentage of common fund analysis).

Under the percentage of common fund analysis, courts consider: "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Pierre-Val*, 2015 WL 12843849, at *2 (citing *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 775 n.3 (11th Cir. 1991)). *See also Stahl v. MasTec, Inc.*, No. 8:05-cv-1265 T27TGW, 2008 WL 2267469, at *1 (M.D. Fla. May 20, 2008). "Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations." *Lytle*, 2014 WL 6469428, at *2 (quoting *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir.2001)).

Applying the above-listed factors to the present case, and after consideration of the parties' arguments (*see* Doc. No. 93, at 14-18; Doc. No. 97, Doc. No. 98), the Court finds the requested $140,000.00 in fees and costs to be unreasonable. With respect to the first factor, the parties acknowledge that this case was resolved "as early as possible," prior to a ruling on Plaintiff's motion to certify a collective action. Doc. No. 97, at 6. And while the parties argue that this case was "vigorously litigated," (*see* Doc. No. 93, at 17, Doc. No. 97, at 6-7), the docket in this case does not support a finding that this was a time and labor-intensive matter. To the contrary, a large portion of the motions practice in this case was the product of one or more parties missing Court deadlines, failing to comply with Court orders or rules, or seeking extensions of deadlines to continue settlement negotiations. *See, e.g.*, Doc. Nos. 20, 22-23, 26-29, 45-46, 48-49, 50-55, 57, 59-60, 66-68, 72, 80-85, 87, 91-92, 95-96. And while the parties exchanged basic information pursuant to the FLSA Scheduling Order and thereafter Plaintiff served two sets of discovery (*see* Doc. No 97, at 6-7), no discovery motions were filed or litigated, and no dispositive rulings were made. *See also* Doc. No 94, at 3.

The Court does not dispute Plaintiffs' counsel's assertion "that he is highly experienced in wage and hour collective actions and has extensive experience litigating FLSA collective actions," (Doc. No. 93, at 16, *see also* Doc. No. 93-2), but this factor alone does not establish the reasonableness of the requested fee award,

particularly given that this was not a particularly difficult or novel case, but rather a straight-forward unpaid overtime action, and the parties do not make any argument to the contrary. Nor do the parties make any argument that the litigation of this case precluded Plaintiffs' counsel from accepting other employment, that this was a particularly undesirable case, that the client or the circumstances placed any time limitations on counsel, or that the nature and length of the professional relationship between counsel and Plaintiffs would support the requested fee award. The parties also do not address how the results in this case compare to awards in similar cases. *See generally* Doc. Nos. 93, 97.[2]

With respect to the remaining three factors, Plaintiffs' counsel litigated this matter on a contingency basis, thereby risking non-payment if an unfavorable result was reached, which weighs in favor of the reasonableness of the requested fee award. However, the preliminary approval of $203,000.00 for payments to the potential collective proved to be a substantial overestimate, as only $125,680.88 will be paid out to Plaintiff and the collective members, while the parties request $140,000.00 to go towards fees and costs, and the remaining $84,319.12 (24.0% of the

[2] Plaintiffs' counsel does make a conclusory averment in his declaration that this settlement "is well within the range of possible recovery," but does not speak to how this settlement compares to other similar cases. Doc. No. 93-2, ¶ 33.

Common Fund) would revert back to Defendants.[3] And the parties fall short as to the final factor, the customary fee awarded in similar cases.

Based on the Court's independent review, it appears that in FLSA collective action cases where the common fund analysis is applied, courts in this Circuit and District consistently find reasonable awards ranging from 26.7% to 33% of the common fund. *See, e.g.*, *Theopin-Deleon*, 2025 WL 448827, at *1, *4 (approving fee award of 30% of the common fund); *Mosley v. Lozano Ins. Adjusters, Inc.*, No. 3:19-cv-379-J-32JRK, 2021 WL 293243, at *4 (M.D. Fla. Jan. 11, 2021), *report and recommendation adopted*, No. 3:19-cv-379-J-32JRK, 2021 WL 289031 (M.D. Fla. Jan. 28, 2021) (approving fee award of one-third of the gross settlement amount); *Seghroughni v. Advantus Rest., Inc.*, No. 8:12-cv-2000-T-23TBM, 2015 WL 2255278, at *1 (M.D. Fla. May 13, 2015) (approving fee award of 33% of common fund); *Lytle*, 2014 WL 6469428, at *3 (approving fee award of 26.7% of common fund); *Moultry v. Cemex, Inc.*, 8:07-cv-453-T-MSS (M.D. Fla. Aug. 20, 2008), Doc. No. 145 (approving fee award of 32.25% of common fund); *Stahl*, 2008 WL 2267469, at *1 (approving fee award of 28.8% of common fund). *See also Camden I*, 946 F.2d at 774-75 ("[t]he

[3] Plaintiffs' counsel suggests that class participation is not an appropriate gauge to assess the reasonableness of a fee award, but provides no legal authority to support this argument. Doc. No. 97, at 7-9. And it does not appear that Defendants join in this argument. Doc. No. 98, at 2. *Cf.*, *Alvarez v. GEO Secure Servs., LLC*, No. 9:20-cv-80696-WPD, 2020 WL 13349078, at *2 (S.D. Fla. Nov. 13, 2020) (noting that if a significant amount of the common fund reverted to the defendant, the set amount of fees sought could prove unreasonable).

majority of common fund fee awards fall between 20% to 30% of the fund" and a 25% award constitutes a "bench mark. . . which may be adjusted in accordance with the individual circumstances of each case."). *Cf., Farmer v. Humana Inc.*, No. 8:21-cv-1478-MSS-SPF, 2022 WL 22855817, at *4 (M.D. Fla. Dec. 28, 2022), *report and recommendation adopted as modified*, No. 8:21-cv-1478-MSS-SPF, 2023 WL 11877830 (M.D. Fla. Feb. 13, 2023) (finding award of fees equating to 37.5% of the common fund to be unreasonable). The parties also have not provided any persuasive legal authority suggesting that a 40% fee award is reasonable.[4]

[4] The majority of the cases the parties cite actually support a much lower percentage of common fund award (between 26-33%), with the vast majority of them involving cases from other Circuits. *See* Doc. No. 97, at 4-5. The parties cite to only three legal authorities that arguably support the requested 40% fee award, none of which are persuasive. *Mansfield v. Castaways Backwater Cafe, Inc.*, No. 2:07-cv-401-FtM-29SPC, 2008 WL 3889598 (M.D. Fla. Aug. 18, 2008), involved approval of a single plaintiff FLSA settlement, there is no discussion of a collective class, much less an award of fees from a common fund. *See id.* at 1. While the District Court found the requested fee award in *Ferry v. Mid-Florida Pathology, LLC, et., al.*, No. 5:23-cv-327-PRL (M.D. Fla. Dec. 4, 2024) to not be "patently unreasonable," in that case over 50% of the projected collective filed consent forms, and the court noted that the size of the class was relevant to evaluating the reasonableness of the requested fees. *See, id.*, Doc. No. 54. The Court also finds unpersuasive Defendants' reference to the Florida Bar's Rules of Professional Conduct, as those rules discuss contingency fee agreements and do not speak to fee awards from a common fund in an FLSA collective action. Doc. No. 98, at 2 (citing Fla. Bar R. 4-1.5(f)(4)(B)(i)(b)(1)(2025)). *See also Silva v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) ("To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.").

Having considered all of the relevant factors, the procedural history of this case, and the relevant legal authority, the Court finds that a reasonable fees and cost award is 30% of the Common Fund, or $105,000.00. *See Stahl*, 2008 WL 2267469, at *1 (approving 28.8% award of attorneys' fees and costs where case settled after more than two years of discovery, mediation, and several settlement conferences; numerous expert witnesses hired by both sides; and significant efforts were made to locate and interview potential representative plaintiffs in 11 states); *Theopin-Deleon*, 2025 WL 448827, at *1, *4 (approving 30% award of attorneys' fees and costs where case settled at mediation and parties thereafter engaged in years-long proceedings to obtain approval of collective action settlement and certify collective action for settlement purposes).

**III. CONCLUSION.**

For the foregoing reasons, it is **ORDERED** as follows:

1. The Joint Motion for Final Approval of a Collective Action Settlement Agreement (Doc. No. 93) is **GRANTED in part and DENIED in part**.

2. The parties' settlement agreement (Doc. No. 93-1) is **APPROVED.**

3. The parties' request for an award of attorneys' fees and costs is **GRANTED** to the extent that Plaintiffs' counsel is awarded $105,000.00 for fees and costs. In all other respects, the request is **DENIED.**

4. The parties are **ORDERED** to perform all actions necessary to effectuate the settlement agreement (Doc. No. 93-1) to conclusion.

5. This case is **DISMISSED** with prejudice, and the Clerk of Court is **DIRECTED** to close the file.

**DONE** and **ORDERED** in Orlando, Florida on October 9, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record